```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MATTHEW A. NICOLL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVID ORTIZ, WARDEN,<br>FCI FORT DIX,<br><br>　　　　Respondent. | No. 18-cv-13722(NLH)<br><br><br>OPINION |

APPEARANCES:

Matthew A. Nicoll
Reg No. 79624-083
Federal Correctional Institution
Fort Dix N.J. Unit 5802
P.O. Box 2000, Fort Dix, N.J. 08640

　　*Petitioner, Pro se*

Craig Carpenito, United States Attorney
Kristin L. Vassallo, Assistant United States Attorney
Office of the U.S. Attorney
District of New Jersey
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101

　　*Attorneys for Respondent*

HILLMAN, District Judge

　　Petitioner Matthew Nicoll, a federal inmate at FCI Fort Dix, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief under the Interstate Agreement on Detainers Act (IADA).  ECF No. 1.  Respondent David Ortiz, the Fort Dix warden, opposes the Petition, attaching the

declarations of Robin Teters, a Federal Bureau of Prisons ("BOP") Designation and Sentence Computation Center Management Analyst and FCI Fort Dix Legal Assistant Tara Moran.  ECF Nos. 4-3, 4-4.  Petitioner did not file a reply.  For the reasons below, the Court will deny the Petition.

I.   BACKGROUND

On January 19, 2012, the FBI arrested Petitioner pursuant to a warrant charging several federal child pornography-related crimes.  He was held in custody by the United States Marshals Service.  ECF No. 4-3 ¶ 2, pp. 5-14; United States v. Nicoll, No. 12-cr-00010-RAJ-FBS-1 (E.D. Va.).  After pleading guilty, Petitioner was sentenced in the Eastern District of Virginia to a 170-month imprisonment term and remanded to the custody of the Marshal to begin serving his federal sentence.  ECF No. 4-3, pp. 16-21.  Petitioner's sentence was computed by the BOP as beginning on June 27, 2012.  ECF No. 4-3, ¶ 5.  After a 160-day custody credit from Petitioner's arrest date, January 19, 2012, through the day before sentencing, Petitioner's projected release date is May 22, 2024.  Id. at pp. 23-25.

Petitioner did not appeal the judgment of conviction.  ECF No. 1, ¶ 8.  On February 24, 2017, the Eastern District of Virginia denied Petitioner's application, pursuant to 28 U.S.C. § 2255, to "vacate, set aside, or correct his sentence" based on amendments to United States Sentencing Guidelines.  Nicoll v.

2

United States, No. 2:12CR10, 2017 WL 4159387 (E.D. Va. Feb. 24, 2017).  The United States Court of Appeals for the Fourth Circuit affirmed.  See United States v. Nicoll, 694 F. App'x 202 (4th Cir. 2017).  On February 16, 2018, this Court denied a § 2255 petition "substantively identical" to Petitioner's first § 2255 petition.  Nicoll v. United States, No. CV 17-6460, 2018 WL 918890, at *1 (D.N.J. Feb. 16, 2018).[1]

A searching review of the present Petition reveals that Petitioner is attacking either his federal conviction, or his state charges.  The Petition references a "Document 9," a January 19, 2012 Temporary Order of Detention ("Detention Order") issued by a federal magistrate judge to detain Petitioner on federal charges, arguing that it was filed "for pending disposition of state charges."  ECF No. 1, ¶ 17.[2]  Petitioner argues that the Detention Order is unlawful because, "under IADA," he remains "in state custody in federal prison" due to the Detention Order.  Id. at ¶¶ 17(a), (b).

Petitioner also argues that the federal sentence was to run "concurrent to a related nonexisting state sentence," and that

---

[1] The first petition in this Court, dismissed about seven months before this Petition was filed, is not mentioned in this Petition.

[2] Petitioner incorrectly states that the Detention Order was dated January 9, 2012.  There was no document on the Eastern District of Virginia docket filed that day; the earliest filing was January 18, 2012.

3

"the federal detainer for secondary custody from the state, after dismissal or clos[ure] of [the] state case, became the federal charge." Id. at ¶¶ 17(c), (d).

Respondent's Answer argues that Nicoll's sentence was correctly calculated, and that Petitioner failed to exhaust all administrative remedies before filing this Petition. Petitioner did not reply. Respondent's first argument — though correct regarding the calculation of Petitioner's sentencing — appears to misapprehend, and does not fully address, either potential interpretation of Petitioner's IADA claim. ECF No. 4, pp. 1-2. Nevertheless, because the Court agrees with Respondent's exhaustion argument, and finds no support for any of Petitioner's arguments, the Petition will be denied.

II. ANALYSIS

A. Cognizability under § 2241

To the extent that Petitioner may be challenging a federal sentence or conviction, a motion filed pursuant to 28 U.S.C. § 2255 is the "presumptive means by which a federal prisoner may challenge his conviction or sentence." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). IADA claims are cognizable under § 2255, absent some demonstration that § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255(e); Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Because there is no indication that § 2255 would be inadequate

4

or ineffective, the instant Petition, to the extent that it seeks dismissal of the federal charges for which he is now serving a sentence, is not cognizable under § 2241.

Moreover, because Petitioner was sentenced in the Eastern District of Virginia, and because his first § 2255 petition there was denied (and the denial affirmed by the Fourth Circuit), he would need to seek permission there for any successive petition. Sanders v. Wesley, 388 F. App'x 90, 92 (3d Cir. 2010); 28 U.S.C. § 2244(b)(3). Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Based on the discussion below, the Court finds that it would not serve the interests of justice to transfer this Petition to the Fourth Circuit, as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2).

B.   Exhaustion of Administrative Remedies

Respondent argues that the Petition should be dismissed because Petitioner failed to exhaust administrative remedies. The Court agrees.

"Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241."

5

Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).  Failure to exhaust these remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice[.]"  Id. at 761.

The BOP's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  An appeal of a DHO decision "shall be submitted initially to the Regional Director for the region where the inmate is currently located."  28 C.F.R. § 542.14(d)(2).  "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response."  28 C.F.R. § 542.15(a).  "Appeal to the General Counsel is the final administrative appeal."  Id.

Here, the Petition acknowledges that no administrative remedies were pursued. ECF No. 1, ¶ 14. Accordingly, the Petition can be dismissed on that basis.

C. IADA

In addition to the bases for dismissal above, Petitioner's substantive IADA claims are also unavailing because nothing in the record supports the existence of any charges other than the federal charges for which Petitioner is currently serving a sentence. Without any other charges pending during Petitioner's pre-trial detention on the federal charges, no IADA abuses could have occurred.

The IADA is an interstate compact to which most states and jurisdictions, including New Jersey and the federal government, are parties. Leslie W. Abramson, The Interstate Agreement on Detainers: Narrowing its Availability and Application, 21 N.E. J. on Crim. & Civ. Con. 1 (1995) (discussing the history of the IADA). The IADA was designed to end various detainer abuses and avoid disruptions to a prisoner's rehabilitation program caused by repeated transfers between different jurisdictions and prisons. United States v. Hall, 974 F.2d 1201, 1204–05 (9th Cir. 1992) ("The purpose of the IADA is to create a productive rehabilitative environment for prisoners serving sentences in one state by facilitating the disposition of charges pending in another state or by the United States.").

7

The provisions of the IADA "are triggered only when a detainer is filed with the custodial (sending) State by another State (receiving) having untried charges pending against the prisoner." United States v. Mauro, 436 U.S. 340, 343 (1978); see also Baxter v. United States, 966 F.2d 387, 389 (8th Cir. 1992) (the IADA applies when a state or federal government "lodges a detainer against the prisoner with state prison officials"); Durdin v. State, 955 S.W.2d 912, 914 (Ark. App. 1997) (finding the IADA inapplicable when there was no evidence a detainer had been issued against the prisoner); but see Gross v. Daniels, No. 518CV00309BSMJJV, 2019 WL 2635707, at *4 (E.D. Ark. May 1, 2019) (discussing differing views on what can constitute a "detainer"), report and recommendation adopted, No. 5:18-CV-00309, 2019 WL 2618147 (E.D. Ark. June 26, 2019).  Here, there is no "sending" or "receiving" state, nor any evidence of untried charges.

Even construing the Petition liberally and utilizing an expansive view of what could constitute a state detainer, there is simply no evidence of one, or any state charges underlying them.  Respondent's Declarant Teters avers that she reviewed Petitioner's Presentence Investigation Report, PACER, and the National Crime Information Center, and could not locate any state charges, related or unrelated.  ECF No. 4-3, ¶ 6.  At best, the record contains only a mention of Petitioner's pre-

8

trial detention at Western Tidewater Regional Jail, a Virginia state facility which houses federal pretrial detainees.  ECF No. 4-3, p. 14; IFP Appl., ECF No. 1-1, ¶ 3; Jones v. W. Tidwater Reg'l Jail, No. 2:15CV316, 2016 WL 3647591, at *1 (E.D. Va. June 30, 2016), aff'd sub nom. Jones v. Butler, 671 F. App'x 60 (4th Cir. 2016).

Similarly, the Eastern District of Virginia Detention Order ordered Petitioner detained pending a January 24, 2012 hearing pursuant to the Bail Reform Act, and related only to the federal charges for which he is now serving a sentence.  ECF No. 4-3, ¶ 6, p. 27.  In the absence of any specific information in the Petition revealing any potential state charge, or any reply from Petitioner responding to Respondent's submission and attached declarations, there is no basis to conclude that any jurisdiction abused the detainer process, and therefore no basis for IADA relief.

Moreover, even if any remedy were available, that remedy is available only "in the appropriate court of the jurisdiction where the charges are pending." Nelson v. Carlson, 904 F.2d 560, 561 (10th Cir. 1990) (declining to express an opinion on IADA violation which could justify dismissal of the pending state charges because "any remedy which may be available…under the IADA under the circumstances...is a matter for consideration by the appropriate state courts"); see also Huston v. Kansas,

9

390 F.2d 156, 157 (10th Cir. 1968) ("In order for the writ of habeas corpus ad prosequendum to be used to bring [petitioner] to trial in a Kansas state court, the writ must issue from that court."); Alabama v. Bozeman, 533 U.S. 146, 153 (2001) (affirming state court's dismissal pursuant to IADA and rejecting state prosecutor's argument that violation of anti-shuttling provision was de minimis where petitioner, serving a federal sentence, was released to state officials pursuant to a state detainer who kept petitioner for one night in county jail, returned petitioner to federal prison the next day, and did not return him for trial until a month later).

Here, if Petitioner seeks relief from state charges under the IADA, he must pursue it in state court, in whichever state those charges might be pending.  Accordingly, the Court's dismissal of the state charge IADA claim is without prejudice to Petitioner's right to seek a remedy in the appropriate state court.

III. CONCLUSION

For the reasons above, the petition for writ of habeas corpus will be denied.

An appropriate order follows.


Dated: March 24, 2021                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.